UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MOHAMMED MASON NASSER,

                    Plaintiff,                  Case No. 1:20-cv-11752

v.                                    Honorable Thomas L. Ludington
                                    United States District Judge

COMMISSIONER OF SOCIAL SECURITY,

                                    Honorable Anthony P. Patti
                Defendant.           United States Magistrate Judge

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER, (2) ADOPTING MAGISTRATE JUDGE'S ORDER, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (5) AFFIRMING COMMISSIONER'S ORDER, AND (6) DISMISSING COMPLAINT WITH PREJUDICE**

      This matter is before this Court upon Plaintiff's objection, ECF No. 26, to the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 25. Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), this Court has reviewed *de novo* those portions of the R&R to which Plaintiff has objected. Because substantial evidence supports all the ALJ's findings and the Magistrate Judge did not err, Plaintiff's objections will be overruled, the R&R will be adopted, Plaintiff's Motion for Summary Judgment will be denied, Defendant's Motion for Summary Judgment will be granted, the Commissioner's decision will be affirmed, and the case will be dismissed with prejudice.

**I.**

      Plaintiff Mohammed Mason Nasser brings this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying his applications for Supplemental Security Income (SSI) and Disability Insurance (DI) benefits.

## A.

Plaintiff filed claims for SSI and DI benefits on August 14, 2014. *See* ECF No. 15 at PageID.234. In August 2016, Administrative Law Judge (ALJ) Carol Guyton denied those claims finding that Plaintiff was not disabled within the meaning of the Social Security Act. *See id.* at PageID.231–52.

In October 2017, Plaintiff again applied for SSI and DI benefits alleging that his disability began on February 4, 2014, at the age of 31. *See id.* at PageID.402–12. His disability report listed lower-back injury, right-shoulder injury, hip injury, neck pain, depression and mental-health issues, high blood pressure, high cholesterol, diabetes, thoracic-disc herniation, and lumbar-disc herniation as limiting his ability to work. *See id.* at PageID.288. His applications were denied in March 2018. *See id.* at PageID.287–88.

Plaintiff requested a hearing before an ALJ. *See id.* at PageID.305–06. ALJ Roy E. LaRoche, Jr. held hearings on March 6 and May 1, 2019, during which Plaintiff and Vocational Expert Diane Regan testified. *See id.* at PageID.185–230.

In May 2019, ALJ LaRoche issued an order concluding that Plaintiff was not disabled within the meaning of the Social Security Act between May 29, 2019 and August 8, 2016, the date of the unfavorable decision from ALJ Guyton.[1] *See id.* at PageID.164–84.

_____

[1] Specifically, ALJ LaRoche stated:

> Administrative Law Judge (ALJ) Carol Guyton issued an unfavorable decision on August 8, 2016, finding the claimant not disabled from August 14, 2014 through the date of the decision (Ex. B1A/17). The claimant appealed the unfavorable decision; however, the Appeals Council denied the request for review (Ex. B2A/1). Thus, ALJ Guyton's unfavorable decision, dated August 8, 2016, became the final decision of the Commissioner, binding on all parties. Accordingly, the issue of disability is *res judicata* through the date of that decision. While the undersigned has considered all of the medical records, the undersigned attributes less weight to the evidence of disability prior to August 9, 2016, since the issue of

Plaintiff submitted a request for review of the ALJ's order. *See id.* at PageID.391–401. On May 13, 2020, however, the Appeals Council denied Plaintiff's request for review. *See id.* at PageID.153–58. Consequently, ALJ LaRoche's order became the Commissioner's final decision. Plaintiff timely commenced the instant action on June 30, 2020. *See* ECF No. 1.

On June 30, 2020, Plaintiff filed a complaint in this Court under 42 U.S.C. § 405(g). ECF No. 1. Plaintiff argued that ALJ LaRoche's order was contrary to "the purpose and intent of the Social Security Act," "the law," and "the evidence" by finding that Plaintiff was not "disabled from performing substantial gainful activity." *Id.* at PageID.2. Accordingly, Plaintiff requested this Court to "reverse[], remand[], and set aside" ALJ LaRoche's order and "allow" his claim for SSI and DI benefits. *Id.* This matter was referred to Magistrate Judge Anthony P. Patti. ECF No. 3. The parties filed cross-motions for summary judgment. ECF. Nos. 20; 22.

---

disability is *res judicata* up to that date. As further discussed below, the undersigned finds there has been a change in the claimant's condition since ALJ Guyton's decision.

. . . .

Administrative Law Judge Guyton's prior finding concerning the claimant's residual functional capacity is binding absent evidence of an improvement or change in condition since the prior hearing. *See Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997); Acquiescence Ruling 98-4(6) (SSA must adopt a finding of a claimant's residual functional capacity or other finding required under the applicable sequential evaluation process for determining disability, made in the final decision by an ALJ or Appeals Council on a prior disability claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity).

As explained in the analysis below, the undersigned finds that the evidence of record shows that there has been a change in the claimant's condition since the prior decision and that the substantial evidence of record supports the aforementioned residual functional capacity. Specifically, new evidence regarding the claimant's conditions support a change in the residual functional capacity to the point where the light exertional level is no longer appropriate.

ECF No. 15 at PageID.167, 172.

On February 16, 2022, Judge Patti issued a Report and Recommendation, recommending that this Court (1) deny Plaintiff's Motion for Summary Judgment; (2) grant Defendant's Motion for Summary Judgment; and (3) affirm the Commissioner's decision. *See generally* ECF No. 25. According to Judge Patti, Plaintiff had not demonstrated that the ALJ erred in his analysis of (1) Dr. Policherla's opinion, *id.* at PageID.824–39; (2) Thomas Flake's opinion, *id.* at PageID.839–43; (4) Kathy Morrow's opinion, *id.*; or (4) Plaintiff's impairments, *see id.* at PageID.843–46.

On February 28, 2022, Plaintiff filed an objection to the Report and Recommendation, arguing that Judge Patti erred in 12 of his findings. *See* ECF No. 26. Two weeks later, Defendant responded to Plaintiff's objection. ECF No. 27.

## II.

### A.

The Social Security Act[2] allows claimants to seek SSI and DI benefits. The Social Security regulations outline a five-step process that the ALJ must use to determine whether a disabled adult child is entitled to DAC benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity (RFC); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006) (en banc).

---

[2] For some discussion on the history and nuances of the Social Security Act, see generally Michele Johnson & Kristin Ware, *Medicaid Expansion by Any Other Name: Exploring the Feasibility of Expanded Access to Care in the Wake of* NFIB v. Sebelius, 1 BELMONT L. REV. 119 (2014).

The claimant bears the burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). At step five, the burden shifts to the Commissioner to establish whether the claimant has the RFC to perform available work in the national economy. *Id.*

## B.

Applying the five steps, the ALJ found that Plaintiff was not disabled under the Act during the relevant period. At Step One of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 4, 2016, his alleged onset date. *See* ECF No. 15 at PageID.170. At Step Two, the ALJ found that Plaintiff had the following severe impairments: disorders of the cervical, thoracic and lumbar spine, obesity, diabetes mellitus, major depressive disorder, and personality disorder. *See id.*

At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *See id.* at PageID.170–71. To that end, the ALJ assessed Plaintiff's RFC, concluding that she could perform "sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)," with the following work limitations:

> • no occasional pushing and pulling with the bilateral lower extremities;
> • requires the ability to stand for 2–3 minutes after 30 minutes of sitting;
> • can occasionally balance, stoop, crouch and climb ramps and stairs;
> • no climbing ladders, ropes, or scaffolds;
> • no kneeling or crawling; no exposure to unprotected heights and dangerous moving machinery;
> • no overhead reaching with the bilateral upper extremities;
> • frequently perform handling and fingering with the bilateral upper extremities;
> • requires use of a handheld assistive device for ambulation and while standing;
> • limited to simple and routine tasks, involving only simple, short instructions and simple work-related decisions with few, if any, workplace changes; and
> • no contact with the general public.

*Id.* at PageID.172–77.

At Step Four, the ALJ determined that Plaintiff could not perform any past relevant work. *See id.* at PageID.177. At Step Five, considering Plaintiff's RFC and age, education, and work experience, the ALJ determined that Plaintiff could perform numerous jobs in the active national economy, including inspector and sorter. *Id.* at PageID.177–78.

Ultimately, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 4, 2016, through the date of this decision." *See id.* at PageID.178–79 (first citing 20 C.F.R. § 404.1520(g); and then citing 20 C.F.R. § 416.920(g)).

## C.

Magistrate Judge Patti reviewed the order under 42 U.S.C. § 405(g). *See* ECF No. 25 at PageID.830–47.

Section 405(g) provides, as relevant:

> The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered . . . . the court shall review only the question of conformity with such regulations and the validity of such regulations.

42 U.S.C. § 405(g). Thus, when reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

According to the Supreme Court, "Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); accord *Rogers*, 486 F.3d at 241.

- 6 -

In deciding whether substantial evidence supports the ALJ's decision, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial-evidence standard is deferential, it is not trivial. This Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

But "a decision of the Commissioner will not be upheld [if] the SSA fails to follow its own regulations and [if] that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Parties cannot "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

As discussed herein, this Court finds Judge Patti did not err in finding that substantial evidence supports all the ALJ's findings.

**IV.**

The R&R recommends that this Court conclude that the ALJ did not err in his analysis of (1) Dr. Policherla's opinion, ECF No. 25 at PageID.824–39; (2) Thomas Flake's opinion, *id.* at PageID.839–43; (3) Kathy Morrow's opinion, *id.*; or (4) Plaintiff's impairments, *id.* at PageID.843–46.

Plaintiff has responded with 12 objections, each of which will be addressed in turn.

**A.**

First, Plaintiff objects that "the Magistrate Judge utilized the wrong legal framework to address the claimant's appeal." ECF No. 26 at PageID.850. Defendant responds that "Magistrate Judge Patti utilized the correct legal framework in addressing Plaintiff's arguments." ECF No. 27 at PageID.865.

Plaintiff's claim that Judge Patti demonstrated "an incorrect and incomplete comprehension of the role of [20 C.F.R. § 404.1520c] legally," ECF No. 26 at PageID.850), is

unavailing. In assessing the ALJ's analysis of the medical opinion evidence, Judge Patti correctly indicated that supportability and consistency of a medical opinion are the "most important" factors an ALJ must consider. 20 C.F.R. § 404.1520c ("The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)."). Contrary to Plaintiff's argument, *see* ECF No. 26, PageID.851–52, Judge Patti neither indicated that these factors were "determinative," nor concluded that if the ALJ finds an opinion inconsistent with other record evidence, the rest of the factors are "eliminated." Rather, Judge Patti correctly indicated that an ALJ must "us[e] the following factors: supportability, consistency, relationship with the claimant, and specialization, with supportability and consistency being most important." ECF No. 25 at PageID.835.

Plaintiff misinterprets the regulation when he argues that the ALJ was required "to weigh all factors in combination." *See* ECF No. 26 at PageID.852. As Judge Patti understood, the regulations designate two of the factors as "most important": consistency and supportability. *Id.* at PageID.841 (citing 20 C.F.R. § 404.1520c(a)).

Contrary to Plaintiff's argument, nothing suggests that Judge Patti misunderstood the holding in *Blakely v. Commissioner of Social Security*, 581 F. 3d 399, 406 (6th Cir. 2009), which he accurately quoted as follows: "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." ECF No. 25 at PageID.832 (internal quotations and citation omitted).

Plaintiff asserts that Judge Patti misunderstood *Blakely* because he "fail[ed] to address the fact that when the Commissioner fails to follow its own Regulations then remand is required." *See* ECF No. 26 PageID.851. But Judge Patti clearly understood Plaintiff's argument that "had the ALJ

properly evaluated the medical opinions of record in accordance with 20 C.F.R. § 404.1520c, he would have found the opinion of Plaintiff's treating physician, Dr. Haranath Policherla, most persuasive." *See* ECF No. 25 at PageID.833. Judge Patti's determination that the ALJ had correctly evaluated the medical opinions, as required by 20 C.F.R. § 404.1520c, does not suggest that Judge Patti misunderstood the regulations or the standards of review.

At bottom, Plaintiff seems to suggest that his relationship with his treating source, Dr. Policherla, should have carried more weight with the ALJ and, ultimately, Judge Patti. *See* ECF No. 26 at PageID.851–52. But as Judge Patti explained, under the current regulations, "an ALJ need not afford any specific weight to the opinion of a treating source. And supportability and consistency, *not* treatment or examining relationship, are the most important factors." ECF No. 25 at PageID.841 (citing 20 C.F.R. § 404.1520c).

Because Judge Patti neither misapplied the correct legal framework nor applied the wrong one, Plaintiff's first objection will be overruled.

**B.**

Second, referencing Objection 1, Plaintiff objects that "[i]t is error to claim that the Dr. Policherla's opinion was inconsistent with the record as a whole." ECF No. 26 at PageID.852. Defendant responds that "[t]he ALJ did not err in considering Dr. Policherla's finding that Plaintiff had nearly full strength in his arms and legs." ECF No. 27 at PageID.868 (emphasis omitted).

Judge Patti did not err in finding that "the ALJ properly noted that Dr. Policherla's opinion of total disability is inconsistent with and unsupported by his own treatment records, which note full and nearly full strength in Plaintiff's upper and lower extremities, as well as toe/heel walking and tandem gait within the normal limits." ECF No. 25 at PageID.836 (citations omitted).

Plaintiff argues that reference to his nearly full muscle strength was an error, because his "inability to work is not related simply to muscle strength" but rather to a "combination of impairments." *See* ECF No. 26 at PageID.852. But the ALJ did not suggest that Dr. Policherla's opinion was unpersuasive "simply" because the doctor had observed nearly full muscle strength upon exam. On the contrary, as Judge Patti underscored, *see* ECF No. 25 at PageID.836–37, the ALJ also cited Dr. Policherla's observation of a normal gait, his conservative treatment recommendation, and the inconsistent opinion of consultative examiner Dr. Shelby-Lane, *see* ECF No. 15 at PageID.175. In this way, the ALJ's analysis was perfectly appropriate, as Judge Patti reasonably concluded.

Because Judge Patti correctly analyzed Dr. Policherla's opinion, Plaintiff's objection will therefore be overruled. *See Rice v. Saul*, No. 20-10500, 2021 WL 1822309, at *7 (E.D. Mich. Feb. 23, 2021) ("The ALJ provided a sufficient analysis under [20 C.F.R.] § 404.1520c," by completing a "thorough discussion" of the record evidence and "cit[ing] the treating records showing a full range of motion in all joints, a normal gait, intact strength, and intact sensation in the upper and lower extremities"), *report and recommendation adopted sub nom. Rice v. Comm'r of Soc. Sec.*, No. 20-10500, 2021 WL 1248292 (E.D. Mich. Apr. 5, 2021).

## C.

Third, referencing Objection 1, Plaintiff objects that "the Magistrate Judge violate[d] the law in trying to play doctor instead to [sic] applying the mandates of the Regulations." ECF No. 26 at PageID.853. Defendant responds that "[t]he ALJ did not 'play doctor' in formulating the RFC finding." ECF No. 27 at PageID.869 (emphasis omitted).

Although not entirely clear, Plaintiff's third objection seemingly suggests that the ALJ "played doctor" when he declined to adopt Dr. Policherla's opinion that Plaintiff could not walk

even one city block; sit, stand or walk any amount of time; or lift any amount of weight. *See* ECF Nos. 15 at PageID.664; 26 at PageID.852–53.

The ALJ did not "play doctor" when he found Plaintiff could do a range of sedentary work. *See* ECF No. 15 at PageID.172. On the contrary, the ALJ's RFC physical finding was based on the opinion of consultative examiner Dr. Shelby-Lane, who opined that Plaintiff "has frequent limitations with standing, walking, lifting, pushing, pulling, reaching, and bending," and needed a cane for balance. *See id.* at PageID.647. The ALJ's RFC finding incorporated these limitations. *See id.* at PageID.172 (limiting Plaintiff to sedentary work, including only occasional walking and standing; only occasional balancing, stooping, crouching and climbing stairs; no overhead reaching; and use of an assistive device for ambulation and while standing). In this way, substantial evidence supported the ALJ's physical RFC finding. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 31–32 (6th Cir. 2009) (unpublished) ("The ALJ's [RFC] determination was primarily based on the November 2003 assessment of Dr. Roy Starkey, a state agency physician . . . . [which] constitutes substantial evidence supporting the ALJ's [RFC] determination.").

Because substantial evidence supported the ALJ's decision, Plaintiff's third objection will be overruled.

## D.

Fourth, referencing Objection 1, Plaintiff objects that "[t]he Magistrate Judge [incorrectly] states that Dr. Policherla declined to complete a large portion of the questionnaire." ECF No. 26 at PageID.854. Defendant responds that "[t]he ALJ did not err in considering Plaintiff received conservative treatment." ECF No. 27 at PageID.870 (emphasis omitted).

Plaintiff argues that the ALJ erred in considering that Plaintiff's "spine disorders were treated conservatively with medications," *see* ECF No. 15 at PageID.176, because Dr. Policherla

testified at a deposition that Plaintiff's herniations of the thoracic spine were not treatable with surgery or shots and called for medication and "immobilization mostly," *see id.* at PageID.524 (emphasis omitted).

This argument fails for two reasons. First, though Plaintiff cited to Dr. Policherla's testimony in his brief, *see* ECF No. 20 at PageID.757, and his reply brief, *see* ECF No. 24 at PageID.820, he did not directly argue that the ALJ erred in relying on Plaintiff's "conservative treatment" for spinal disorders. Consequently, Plaintiff waived this argument. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (unpublished) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived." (cleaned up)).

Second, the ALJ accepted Plaintiff's allegations that he suffered from disorders of the "cervical, thoracic and lumbar spine." *See* ECF No. 15 at PageID.170. In this way, Dr. Policherla's testimony that Plaintiff has limited treatment options for thoracic spine issues is only part of the picture. Indeed, Dr. Policherla's treatment records focused on Plaintiff's cervical and lumbar complaints but not thoracic issues. *See, e.g.*, *id.* at PageID.680 (January 2018 examination with Dr. Policherla discussing lumbar spine disc protrusion and cervical radiculopathy but not thoracic issues); *id.* at PageID.683 (February 2018 examination with Dr. Policherla indicating lumbar radiculopathy and neck pain, but not thoracic issues); *id.* at PageID.687, 689, 690, 701 (March, April, May, and November 2018 examinations with Dr. Policherla indicating cervical radiculopathy, not thoracic issues). Therefore, regardless of Dr. Policherla's testimony about the limited treatment options for thoracic spine issues, Plaintiff's conservative treatment for lumbar and cervical spine issues support the ALJ's finding. *See Dahlinghaus v. Comm'r of Soc. Sec.*, No. 1:13-CV-447, 2014 WL 12577009, at *8 (S.D. Ohio Aug. 29, 2014) (affirming ALJ decision

discounting medical opinion under prior regulations in part because opinion was inconsistent with the claimant's "relatively effective" pain management with medication).

Because substantial evidence supported the ALJ's decision, Plaintiff's fourth objection will be overruled.

### E.

Fifth, referencing Objection 1, Plaintiff objects that "[t]he Magistrate applied a distorted legal interpretation of the regulation" when he "interpreted the Regulation to exclude a significant portion of the Regulation," thereby "allow[ing] the ALJ to manipulate an inconsistency and the question of supportability." *See* ECF No. 26 at PageID.856. Defendant responds that "[t]he ALJ properly considered the opinion of consultative examiner Dr. Shelby-Lang." ECF No. 27 at PageID.871 (emphasis omitted).

In his fifth objection, Plaintiff argues that Dr. Shelby Lang's examination findings "confirm[] Dr. Policherla's opinion." ECF No. 26 at PageID.855. Because Dr. Shelby-Lang's examination findings were essentially normal, Plaintiff's argument fails. Dr. Shelby-Lang observed that Plaintiff had normal range of motion of the cervical spine; normal range of motion of the lumbar spine (except for slightly reduced flexion); normal range of motion of the shoulders (except for somewhat reduced abduction and forward elevation on the right); normal range of motion of the elbows; normal range of motion of the hips (except for slightly reduced forward flexion); slightly reduced knee flexion; and normal wrist, ankle, and hand motion. *See* ECF No.15 at PageID.649–50. In light of her findings, Dr. Shelby-Lane opined that Plaintiff would "have frequent limitations with": standing, walking, lifting, pushing, pulling, reaching, and bending. *Id.* at PageID.647. Doctor Shelby-Lang's opinion therefore persuaded the ALJ, who adopted it. *See id.* at PageID.175.

Plaintiff does not explain how Dr. Shelby-Lane's findings "confirm" Dr. Policherla's opinions, especially given that Dr. Shelby-Lane's own opinion diverged from Dr. Policherla's. Consequently, his argument fails. As Judge Patti put it, "Plaintiff provides no reason to believe the evidence the ALJ relied upon in support of his findings related to Dr. Shelby-Lane's opinion are inaccurate." ECF No. 25 at PageID.838. Plaintiff's cursory statement in his objections does not change the analysis. *See* ECF No. 26 PageID.855.

The second part of Plaintiff's fifth objection merely restates his argument that Judge Patti erred when he recognized that "supportability" and "consistency" are the "most important" factors in the medical-opinion analysis. *See id.* at PageID.856. That argument was addressed with Plaintiff's first objection.

Because substantial evidence supported the ALJ's decision, Plaintiff's fifth objection will be overruled.

**F.**

Sixth, referencing Objection 1, Plaintiff objects that "[t]he Magistrate Judge fail[ed] to adhere to the logic imposed on Dr. Policherla" by affirming the ALJ's position regarding Dr. Flake's opinion. *See* ECF No. 26 at PageID.856. Defendant responds that "the ALJ properly considered the opinion of Dr. Flake." ECF No. 27 at PageID.873 (emphasis omitted).

The ALJ found that Dr. Flake's opinion that Plaintiff could do light work was "consistent with [the] examination['s] findings," including normal heel-toe walking, normal tandem gait, and only mild changes in images of Plaintiff's spine. *See* ECF No. 15 at PageID.176. Then the ALJ concluded that Plaintiff was more limited than Dr. Flake had found and settled on a "sedentary" RFC. *See id.* at PageID.176.

Plaintiff argues that because the ALJ diverged from Dr. Flake's opinion, his "consistency" finding is unsupported. *See* ECF No. 26 at PageID.856. But an ALJ's finding that an opinion is persuasive does not require the ALJ to adopt the opinion in its entirety. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (unpublished) ("Even whe[n] an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); *William D. v. Comm'r of Soc. Sec.*, No. 2:20-CV-5855, 2022 WL 190049, at *8 (S.D. Ohio Jan. 21, 2022) (favorably citing *Reeves*, 618 F. App'x 267 for this same principle, in the context of 20 C.F.R. § 404.1520c).

As Judge Patti suggested, Plaintiff gains nothing from arguing that the ALJ erred in finding him more limited than Dr. Flake did. *See* ECF No. 25 at PageID.842–43 (citing *Mosed v. Comm'r of Soc. Sec.*, No. 2:14-cv-14357, 2016 WL 6211288, at *7 (E.D. Mich. Jan. 22, 2016) for the notion that it is "curious and unavailing" for a plaintiff to argue that he was harmed by an ALJ assessing a more restrictive RFC).

Because substantial evidence supported the ALJ's decision, Plaintiff's sixth objection will be overruled.

## G.

Seventh, referencing Objection 1, Plaintiff objects that the Magistrate Judge incorrectly "claim[ed] diagnoses are not limitations and [that] functionality determines disability." ECF No. 26 at PageID.857. Defendant responds that "the Magistrate Judge did not apply a different analysis to Dr. Policherla." ECF No. 27 at PageID.874 (emphasis omitted).

Plaintiff argues that Judge Patti "applies [two] different analyses when assessing Dr. Policherla's opinion as compared to Dr. Flake and K. Morrow." *See* ECF No. 26, PageID.857.

This objection seemingly rehashes Plaintiff's disagreement with the ALJ's finding that Drs. Flake and Morrow issued prior administrative findings consistent with the record evidence, but Dr. Policherla issued an opinion that was inconsistent with the record evidence. *See* ECF No. 20 at PageID.767–68. "This challenge is not a proper objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashes [Plaintiff]'s arguments." *Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017).

Because Plaintiff's seventh objection is not proper, it will be overruled.

## H.

Eighth, referencing objection 1, Plaintiff objects that the Magistrate Judge incorrectly analyzed a scrivener's error in Dr. Morrow's opinion. *See* ECF No. 26 at PageID.857–58. Defendant responds that "Dr. Morrow's scrivener's error is harmless." ECF No. 27 at PageID.874 (emphasis omitted).

Plaintiff's eighth objection focuses on Dr. Morrow referring to Plaintiff, who is a male, as "she." *See* ECF No. 26 at PageID.857–58. Plaintiff did not raise this argument to Judge Patti and, therefore, he waived it. *Swain*, 379 F. App'x at 517–18. Even so, Plaintiff does not explain how that scrivener's error harmed him, as is his burden.[3] *See Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009) (holding that the party attacking the agency's decision has the burden of establishing that the error was harmful). The remainder of this objection echoes the arguments Plaintiff raised in his first objection.

---

[3] Several scholars have studied gender disparities in numerous issues. *See, e.g.*, Amanda Friesen, Ryan Burge & Kylee Britzman, *Digital Segregation: Gender, Occupation, and Access to Politics*, 39 Soc. Sci. Comput. Rev. 38 (2019) (suggesting that gender differences in political engagement might be due to selection of occupation). Although some might find the misuse of a gender pronoun to be offensive, no legal authority indicates that such misuse warrants overruling an ALJ's findings under the substantial-evidence standard. Even so, Plaintiff has not attempted to demonstrate what, if any, prejudicial effect the "she" pronoun has had on the ALJ's findings.

Because Plaintiff's eighth objection is not proper and fails on the merits, it will be overruled.

**J.**

Ninth, referencing objection 1, Plaintiff objects that "[t]he Magistrate Judge's position [that substantial evidence supported the ALJ's finding that the opinions of Drs. Flake and Morrow were consistent] is legally invalid because the legal framework does not comply with the written Regulation promulgated by the Commissioner" ECF No. 26 at PageID.858. Defendant responds that "[t]he Magistrate Judge reasonably determined that 'diagnoses are not limitations.'" ECF No. 27 at PageID.875 (emphasis omitted).

Plaintiff's ninth objection seemingly rehashes his argument that the ALJ should have found Dr. Policherla's opinion more persuasive than he did, and it seemingly concerns Plaintiff's disagreement with Judge Patti's finding that "diagnoses are not limitations." *See* ECF No. 26 at PageID.857.

Judge Patti reasonably found that Dr. Flake's failure to mention hip or right shoulder diagnoses had no bearing on the RFC finding, because Plaintiff had failed to show any functional limitations stemming from those conditions beyond those accounted for in the RFC finding. *See* ECF No. 25 at PageID.842. Judge Patti was correct that "disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (unpublished); ECF No. 25 at PageID.842.

Because substantial evidence supported the ALJ's decision, Plaintiff's ninth objection will be overruled.

**K.**

Tenth, referencing objection 1, Plaintiff objects that "[t]he Magistrate Judge [incorrectly] dismisse[d] the inconsistency in the ALJ decisions relative to claimant's mental impairments." *See* ECF No. 26 at PageID.859. Defendant responds that "[t]he Magistrate Judge correctly applied 20 C.F.R. § 404.1520c in relation to Dr. Morrow." ECF No. 27 at PageID.876 (emphasis omitted).

Plaintiff's tenth objection seemingly rehashes his argument that Judge Patti incorrectly found that supportability and consistency are the "most important" factors in the opinion analysis, this time regarding Dr. Morrow. *See* ECF No. 26 at PageID.859. As explained, Judge Patti correctly determined that supportability and consistency—not examining relationship or specialty—are the focus of 20 C.F.R. § 404.1520c. *See* discussion *supra* Section IV.A.

Because Judge Patti neither misapplied the correct legal framework nor applied the wrong one, Plaintiff's tenth objection will be overruled.

**L.**

Eleventh, referencing objection 1, Plaintiff objects that Judge Patti gave insufficient weight to Dr. Policherla's opinion in comparison to Dr. Morrow's opinion. *See* ECF No. 26 at PageID.860. Defendant responds that "[t]he Magistrate Judge correctly applied 20 C.F.R. § 404.1520c in relation to Dr. Morrow." ECF No. 27 at PageID.876 (emphasis omitted).

Plaintiff's eleventh objection seemingly rehashes his argument that Judge Patti incorrectly found that supportability and consistency are the "most important" factors in the opinion analysis, as it again advances the notion that Dr. Policherla's treating relationship with Plaintiff should have carried the day. *See* ECF No. 26 at PageID.860.

As explained, Judge Patti correctly determined that supportability and consistency—not examining relationship or specialty—are the focus of 20 C.F.R. § 404.1520c. *See* discussion *supra* Sections IV.A, IV.K.

Because Judge Patti neither misapplied the correct legal framework nor applied the wrong one, Plaintiff's eleventh objection will be overruled.

## M.

Twelfth, referencing objection 1, Plaintiff objects that substantial evidence does not support the ALJ's weighing of Dr. Policherla's opinion "as to the severity of claimant's disability," because "only Dr. Policherla is able to address [it] given his specialty." *See* ECF No. 26 at PageID.861. Defendant responds that "[t]he Magistrate Judge reasonably determined that Plaintiff failed to show additional mental or physical limitations by making general reference to Northwest Psychiatric Counseling Center records." ECF No. 27 at PageID.877 (emphasis omitted).

In addressing Plaintiff's argument that Dr. Policherla was uniquely qualified to address his physical and mental impairments in combination and, therefore, that the ALJ should have been more persuaded by that opinion, Judge Patti reasonably determined that "Plaintiff only directs the Court generally to the records from Northwest Psychiatric Counseling Center, making no specific connection between information included in those records and Dr. Policherla's opinion or his RFC." *See* ECF No. 25 at PageID.845.

Plaintiff's objection points to one treatment record from Northwest Psychiatric Counseling Center that "reflect[s] depression and anxiety." *See* ECF No. 26 at PageID.861 (citing ECF No. 15 at PageID.636). But nothing in the record supports Plaintiff's argument that this one record "confirms the validity of Dr. Policherla's opinion as to the severity of [Plaintiff's] disability. . . ." *See* ECF No. 26 at PageID.861.

The ALJ found that Plaintiff had the severe impairment of depression, and he reasonably relied on Dr. Morrow's opinion in finding that Plaintiff could perform the mental demands of simple, routine work. *See* ECF No. 15 at PageID.172.

Because substantial evidence supported the ALJ's decision, Plaintiff's twelfth objection will be overruled.

**V.**

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 26, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 25, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 22, is **GRANTED**.

Further, it is **ORDERED** that the Commissioner's Order, ECF No. 15, is **AFFIRMED**.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Dated: March 17, 2022                         s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge